## Case No. 6,132.

### HARRISON v. The ANNA KIMBALL.

[Hoff. Op. 464.]

District Court, N. D. California. Nov. 28, 1859.

PILOTAGE — PERFORMANCE WITHIN A STATE—ADMIRALTY JURISDICTION.

[1. A contract for pilotage, to be performed wholly within a state, cannot be enforced in admiralty.]

[2. A claim for half pilotage, given by a state law for services offered and refused, cannot be enforced in admiralty.]

[This was a libel in rem by C. H. Harrison against the ship Anna Kimball for half pilotage.]

A. Glassell, for libelant.

T. R. Wise, for claimant.

HOFFMAN, District Judge. The libel in this case is to recover half pilotage claimed to be payable under the laws of this state, when the services of a pilot are offered and declined. The case is clearly not of admiralty jurisdiction. It has been decided by the supreme court, in a recent case, that a contract of affreightment for the transportation of goods from one port to another in the same state, is not cognizable in the admiralty. Maguire v. Card, 21 How. [62 U. S.] 249. They have also decided that liens given by the state laws to material men, who supply domestic vessels, cannot be enforced in this court; and in the case above cited, the general and just principle is established, that contracts growing out of the completely internal commerce of the states, which is the subject of regulation by their municipal laws, should be left to be dealt with by the local tribunals. Whatever may be said of a claim for pilotage performed on the seas and to outward bound vessels, it is clear that a contract for service performed between Benicia and this port cannot be enforced in the admiralty.

In this case, however, no services were rendered. The claim is for an allowance given by the state law to pilots who offer their services. Independently, therefore, of the objection just noticed, it would seem that there has been no contract made or services rendered which the court could take cognizance of. Admitting that the service, if rendered, would have been maritime, and that a contract for pilotage to be performed wholly within the state could be enforced in this court, it by no means follows that the admiralty could have jurisdiction to enforce a payment of a statutory allowance, where no service has been rendered or contract entered into. It had been generally considered on the authority of the case of The General Smith, 4 Wheat. [17 U. S.] 439, that a lien given by state laws to a domestic material man could be enforced in the admiralty. But this was upon the idea that the contract for materials to a vessel about to proceed on

a voyage was essentially of a maritime character, and the state law giving a lien was considered, not as giving the court jurisdiction, but as showing that lien was contemplated by the parties making the contract, and as repelling the presumption which would have otherwise arisen, that contracts of this description when made in the place of the owner's residence are made on his personal credit and not on that of the vessel. In this view the state laws were permitted to affect the remedy, but it was never considered that the nature of the contract (i. e., whether maritime or not,) and the jurisdiction of this court as an admiralty tribunal under the constitution of the United States could be enlarged or diminished by state legislation. I understand the recent decision of the supreme court to affirm the doctrine not only that no liens created by state laws alone can be enforced in the admiralty, but that no contracts growing out of "the completely internal commerce of the states," are of a maritime nature or within the jurisdiction. It thus appears that under no view of the subject which has ever been taken, so far as I am informed, could a claim for half pilotage given by state laws be enforced in this court as a maritime contract or a maritime service.

It is urged that under the circumstances of the case the court ought not to decree costs against the libellant. I cannot perceive any reason for departing from the general rule. The discretion possessed by the court on the subject of costs is not an arbitrary or capricious discretion. It must be exercised in obedience to general rules, and must be governed by solid reasons. It is said that the recent decisions of the supreme court have overruled former cases, and have declared the law to be different from what for a long period it had been by the courts and the profession supposed to be. Without inquiring how far this consideration should affect the disposition of costs in any case, it is sufficient to say that it appears to me that, independently of those decisions, the libel in this case could not be maintained. A decree dismissing the libel, with costs to be taxed, must be entered.